IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| RAMÓN ANTONIO BORRERO-MCCORMICK,<br><br>     Plaintiff<br><br>           v.<br><br>UNIVERSITY OF HEALTH SCIENCES ANTIGUA SCHOOL OF MEDICINE,<br><br>     Defendant | CIVIL NO. 07-1400 (JP) |

**OPINION AND ORDER**

Before the Court is Plaintiff Ramón Antonio Borrero-McCormick's motions for entry of default and/or sanctions against Defendant University of Health Sciences Antigua School of Medicine (the "University") **(Nos. 95, 97)**. For the reasons stated herein, the Court hereby **GRANTS** Plaintiff's motion. Also before the Court is Attorneys Miguel Maza and Michelle Rodríguez's motion for reconsideration of their motion to withdraw as counsel for Defendant University (**No. 100**). Maza and Rodríguez currently appear as counsel of record for Defendant University. For the reasons stated herein, Maza and Rodríguez's motion for reconsideration (**No. 100**) is hereby **GRANTED** subject to the conditions set forth herein.

**I.   FACTUAL AND PROCEDURAL BACKGROUND**

   **A.   Plaintiff's Factual Allegations**

   On or about April 14, 2005, Plaintiff applied for enrollment to the University of Health Sciences Antigua School of Medicine (the

CIVIL NO. 07-1400 (JP)            -2-

"University"), in a program designed to achieve a Doctor of Medicine (M.D.) Degree. Plaintiff was accepted into the program on April 21, 2005, and entered into a Trainee Agreement with the University. Plaintiff alleges that he has fully completed and passed all of the program's classroom courses and clinical rotations required to obtain the M.D. Degree. Despite Plaintiff's full compliance with the academic requirements, the University has refused to bestow upon him the degree of Doctor of Medicine. Graduation ceremonies for which Plaintiff was eligible took place in the month of March 2007. The University agreed to solicit recognition status with the Puerto Rico Medical Examiners Board so that Plaintiff could obtain a license to practice medicine within the local jurisdiction. As of this date, the University has failed to do that, jeopardizing Plaintiff's future career.

Plaintiff filed the instant action on May 5, 2007 for breach of contract and damages (No. 1). Plaintiff alleges that, as a result of the University's failure to comply with its contractual obligations, Plaintiff has suffered and continues to suffer emotional damages, mental pain and anguish, humiliation, and distress, estimated in an amount of $400,000.00, and economic damages estimated at $100,000.00 for loss of potential earnings. Plaintiff seeks a declaratory judgment stating the illegality of Defendant's actions, an order directing Defendant to immediately bestow upon Plaintiff the degree of Doctor of Medicine (M.D.), the compensatory damages described

CIVIL NO. 07-1400 (JP)          -3-

above, and ordering Defendant to immediately apply for recognition status with the Puerto Rico Medical Examiners Board.

**B.   Procedural History**

A jury trial was held in the instant case, commencing on July 16, 2008. On July 23, 2008, Plaintiff rested his case, and Defendant University moved for judgment as a matter of law under Rule 50 of the Federal Rules of Civil Procedure. The Court granted Defendant's motion and dismissed the complaint in a final judgment entered on August 5, 2008 (No. 52). Plaintiff appealed the Court's decision and the First Circuit Court of Appeals on July 17, 2009 vacated the judgment and remanded the case for further proceedings (No. 90).

Prior to the First Circuit's decision, on October 9, 2008, Maza and Rodríguez filed a motion requesting permission to withdraw as counsel for Defendant University (No. 62). On October 10, 2008, the Court issued an Order (No. 63) denying the request to withdraw until the University retained new counsel. Defendant was ordered to seek new leal representation. On November 14, 2008, Maza and Rodríguez filed another motion (No. 66) informing the Court that despite their best efforts, they had been unable to communicate with the University. The Court then issued an order (No. 67) holding in abeyance the request to withdraw as counsel (Nos. 62, 66), and ordering the University to inform the Court of its new counsel on or before December 1, 2008. On January 23, 2009, Attorneys Maza and Rodríguez filed another motion (No. 74) requesting that they be

CIVIL NO. 07-1400 (JP)          -4-

removed from the notification list because they had withdrawn as legal counsel for Defendant. Attorneys claimed that the Court, by holding in abeyance their request to withdraw as counsel, granted their request and ordered Defendant to inform the Court of its new counsel (No. 74, p. 2).[1] On February 11, 2009, the Court entered an order denying Maza and Rodríguez's motions to withdraw as legal counsel and request that they be removed from the notification list because Defendant had not indicated whether it had retained new counsel (No. 80). Subsequently, the Court ordered all the parties to appear in person for a hearing (No. 81).

On March 5, 2009, the Court held a hearing before Judge Jaime Pieras, Jr. to assess Maza and Rodríguez's motion for attorneys' fees and motion to withdraw as legal counsel.  According to the minutes of that hearing, Ivonne M. Fernández-Colón, Executive Director of the Licensing Board of Medicine of Puerto Rico, and Dr. Yele Akande, Chairman of the Board of Directors of the University of Health Sciences Antigua School of Medicine attended the hearing (No. 88). Ms. Lyzette Roman, Executive Assistance of Dr. Yele Akande, also attended and testified. At that hearing, the Court ordered Dr. Yele Akande to retain new counsel.

---

1.  The Court clarifies for the benefit of Attorneys Maza and Rodríguez that holding in abeyance a party's motion is <u>not</u> the same as granting the motion. "Holding in abeyance" merely means the Court has deferred ruling on the instant motion until a subsequent event occurs. In that order (No. 67), the Court held in abeyance Attorney Maza and Rodríguez's request to withdraw until the Defendant informed the Court as to its new counsel. At no time did the Court state it was granting Maza and Rodríguez's motion to withdraw.

CIVIL NO. 07-1400 (JP)          -5-

On January 27, 2010, Plaintiff requested a status conference to address outstanding matters before a trial date is set and to clarify whether the issue of Defendant's legal representation had been resolved (No. 93). The Court then ordered (No. 94) Defendant to file a motion informing the Court of the current status of its legal representation by March 1, 2010. Defendant did not file any such a motion, blatantly violating the Court's order for a fourth time. Plaintiff subsequently filed the instant motions for entry of default and/or sanctions (Nos. 95, 97). Attorneys Maza and Rodríguez then filed a motion to clarify the record stating that they have not represented Defendant since March 5, 2009 and requesting that they and the law firm of Maza & Green be removed from the attorney notification list (No. 96).

On March 9, 2011, this Court denied Maza and Rodríguez's latest motion explaining that their motion is denied until such time as the attorneys certify that they have communicated with their client and announced their intention to withdraw (No. 98). The Court also ordered Maza and Rodríguez to inform Defendant that it has ten calendar days to retain new counsel and file notice with the Court. On March 29, 2011, Maza and Rodríguez filed the instant motion for reconsideration (No. 100).

In their motion for reconsideration, Maza and Rodríguez argue that Defendant is well aware of their desire to withdraw as the parties met with Judge Pieras after the final judgment was entered

CIVIL NO. 07-1400 (JP)          -6-

to discuss precisely this issue and the issue of attorneys' fees at the March 5, 2009 hearing. Attorneys state that they included Defendant's last known address in their motion to withdraw filed at docket number 62. They also state that, at the March 5, 2009 hearing, Defendant, through Dr. Akande, acknowledged that it was withholding payment of the law firm's invoices for the services rendered, and this was one of the reasons why the law firm has asked to withdraw. Again, Maza and Rodríguez reiterated their request to be eliminated from all notifications in this case.

The Court has clearly provided Defendant University with ample opportunities to obtain new counsel (Nos. 63, 67, 88, 94). The University, however, has not responded to any of the Court's Orders to inform the Court of its new legal representation. Further, Attorneys Maza and Rodríguez have notified the Court in several motions (No. 62, 66, 74) that they desire to withdraw and state that they have made repeated attempts to contact their client, and that the University has not responded.

In light of Defendant's repeated disregard of the Court's orders, the Court finds that Defendant's behavior attempts to unjustifiably delay the proceedings, and the Court will not continue to tolerate such behavior.

## II.  **LEGAL STANDARD FOR A DEFAULT JUDGMENT SANCTION**

"The entry of a default judgment provides a useful remedy when a litigant is confronted by an obstructionist adversary and plays a

CIVIL NO. 07-1400 (JP)          -7-

constructive role in maintaining the orderly and efficient administration of justice." Remexcel Managerial Consultants v. Arlequín, 583 F.3d 45, 51 (1st Cir. 2009) (internal quotations omitted). "Nonetheless, it is a drastic sanction that runs contrary to the goals of resolving cases on the merits and avoiding harsh or unfair results." Id. (internal quotations omitted). "Since default judgments implicate sharply conflicting policies . . . the trial judge, who is usually the person most familiar with the circumstances of the case and is in the best position to evaluate the good faith and credibility of the parties, is entrusted with the task of balancing these competing considerations." Id. (internal citations omitted). The sanction of default judgment "should be employed only in an extreme situation." Stewart v. Astrue, 552 F.3d 26, 28 (1st Cir. 2009). However, the First Circuit has held that "[a] court is not necessarily required to attempt less severe sanctions before turning to the sanction of dismissal . . . nor is a court required to provide an adversary hearing before imposing this sanction." Farm Construction Services, Inc. v. Fudge, 831 F.2d 18 (1st Cir. 1987)(citing Link v. Wabash Railroad Co., 370 U.S. 626, 632 (1962)).

### III. **ANALYSIS**

In the instant case, Defendant has repeatedly violated the Court's Orders and unnecessarily delayed the resolution of this case. Defendant University has blatantly refused to comply with the Court's numerous orders to obtain new legal representation. Defendant has

CIVIL NO. 07-1400 (JP)          -8-

even disregarded its own attorneys' attempts to communicate with it regarding the present case and refused to pay its attorneys. The facts in this case make clear that, as a result of Defendant's obstructionist behavior, the proceedings in this case have been unjustifiably delayed for well over a year since the First Circuit's decision.

The instant case presents the Court with the difficult task of balancing the strong interest in resolving cases on the merits with the strong interest in promoting efficiency and compliance with the orders of the Court and the rules of procedure. Nevertheless, upon considering Defendant's repeated violations of the Court's orders, the Court finds that the sanction of entry of default is appropriate.

Defendant has been afforded numerous opportunities to litigate this case. The Court, as explained above, in order to resolve the issue of Defendant's legal representation issued several orders and held a hearing where representatives of Defendant appeared. Defendant's representative Yele Akende, who appeared at the hearing, was directly ordered by Judge Pieras to obtain new legal representation for Defendant University. Nonetheless, Defendant continued to delay the proceedings and disregard the Court's orders.

Under these circumstances, ongoing attempts to coerce compliance would be a poor use of the Court's time and limited resources, and would unfairly force Plaintiff into an unnecessarily protracted and

CIVIL NO. 07-1400 (JP)          -9-

inefficient litigation process. Accordingly, the Court will grant Plaintiff's motion for entry of default.

### III. CONCLUSION

After considering Defendant's egregious efforts to delay this litigation, the Court hereby **ORDERS** the Clerk of the Court to enter default against Defendant. Further, the Court **GRANTS** Attorneys Maza and Rodríguez's motion for reconsideration of their motion to withdraw **on the condition** that they send Defendant University a letter by certified or registered mail notifying Defendant that the Court has permitted Attorneys Maza and Rodríguez to withdraw and that the Court has entered default against Defendant. **A copy of this letter along with the certified mail/ return receipt SHALL be filed with the Court within ten (10) calendar days of this order**.

Finally, Defendant has **twenty (20) calendar days** from the entry of this order to file any motions regarding the entry of default and default judgment. **The Court warns Defendant that no motions received beyond twenty (20) calendar days will be considered.** The Court will set a default judgment hearing to determine damages.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 31st day of March, 2011.

                                    s/José Antonio Fusté
                                      JOSÉ ANTONIO FUSTÉ
                                 CHIEF U.S. DISTRICT JUDGE